## KNAPP *v.* GERSON.

*(Circuit Court, S. D. New York. October 19, 1885.)*

ATTACHMENT—DEFENDANT NOT NON-RESIDENT.

G., from 1860 to April, 1885, had a place of business in New York city, and only resided in Paris during a portion of that time for the purpose of purchasing goods for his New York house. In the fall of 1884 he announced his intention to his friends of removing to New York, shipped a large part of his furniture from Paris to New York, and notified his landlord in Paris that he would not need his apartments there after the spring of 1885. On March 17, 1885, he arrived with his family and occupied rooms at a hotel in New York until May 25, 1885, from which date he lived with his wife and child at a house on East Eighty-sixth street, New York city, declaring his intention to make New York his permanent residence. *Held,* that G. was not a non-resident, and that an attachment issued on that ground should be vacated.

Motion to Vacate Attachment.

*I. Albert Englehart* and *A. J. Dittenhoefer,* for the motion.

*Franklin Bien,* opposed.

COXE, J. This is a motion to vacate an attachment granted on the twenty-second day of April, 1885, by the city court of New York, upon the ground that the defendant was a non-resident. The sole question now to be determined is whether upon that day he was a resident of the city of New York. The defendant presents positive testimony that he is an American citizen; that from 1860 to April, 1885, he had a place of business in the city of New York, and though for many years prior to the latter date he had resided in Paris, it was only for the purpose of purchasing goods for his New York house. In the fall of 1884 he announced to a number of his acquaintances in New York his purpose to remove there the following spring. In pursuance of this design he shipped a large portion of his furniture from Paris to New York, and notified his landlord in the former city that he would not require his apartments there after the spring of 1885. On the seventeenth day of March, 1885, he arrived from Europe with his family and occupied rooms at the Hotel Royal, on Fortieth street, until he could procure a suitable house. Since the twenty-fifth of May, 1885, he has lived with his wife and child at the house No. 4, East Eighty-sixth street, in the city of New York. He also declares that since the fall of 1884 he intended, and now intends, to make that city his permanent residence.

This testimony is supplemented, upon the question of intent, by the affidavits of several respectable merchants of New York city, who affirm that the defendant told them in the fall of 1884 that it was his purpose to remove there the ensuing spring and reside there permanently. These statements are uncontradicted. Opposed to them the plaintiff presents a number of facts and circumstances which, alone and unexplained, might lead to presumptions in support of the theory upon which the attachment is based. But speculation and conjecture should never be permitted to take the place of evidence. An inference, though plausible, must give way when confronted with direct and positive proof. At the time the attachment was granted the defendant and his family had been for over five weeks in the city of New York. He had no other domicile. He had given up his home in Paris. It would require an ingenuity of more than ordinary capacity to discover for the defendant a residence other than New York city on the twenty-second day of April, 1885.

The circumstances disclosed by the papers naturally incline the court to sustain the attachment, but with the weight of evidence so overwhelmingly in his favor there can be no doubt as to the right of the defendant to have it vacated. The motion is granted.